STATE OF NORTH CAROLINA v. CHRISTOPHER LAMONT ARRINGTON

No. 508A93

(Filed 17 June 1994)

**Homicide § 349 (NCI4th)— noncapital first-degree murder — refusal to charge on second-degree murder — provocation — no error**

There was no error in a noncapital first-degree murder prosecution where the trial court did not charge the jury on second-degree murder but there was evidence supporting each and every element of first-degree murder. While defendant contends that there was evidence of provocation by the deceased in that the deceased threw his coat, beeper, and Walkman to the ground before defendant shot him, the evidence also showed that defendant was across the street when these actions occurred and that the victim was walking, with his back to defendant, putting on Chapstick, when defendant shot him in the back of the head at point-blank range. While deliberation means that the intent to kill was carried out in a cool state of blood, it does not connote an absence of passion or emotion; if the design to kill was formed with premeditation and deliberation, it is immaterial that defendant was in a passion or excited when the design was carried into effect.

**Am Jur 2d, Homicide § 526.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Brown, J., at the 13 September 1993 Criminal Session of Superior Court, Edgecombe County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 11 May 1994.

*Michael F. Easley, Attorney General, by Elizabeth Rouse Mosley, Assistant Attorney General, for the State.*

*Glennie M. Matthewson, II, for defendant-appellant.*

WHICHARD, Justice.

Defendant was convicted of first-degree murder in a noncapital trial. The single question on appeal is whether the trial court erroneously failed to instruct the jury on second-degree murder. We find no error.

STATE v. ARRINGTON

[336 N.C. 592 (1994)]

The State's evidence tended to show that on 20 February 1993 at approximately 6:35 p.m., law enforcement officers found the body of Nathaniel Williams lying face-upward on the sidewalk at 616 Arlington Street in Rocky Mount. A rescue worker who arrived on the scene testified that the victim had no pulse or respiration and had a hole in the back of his head.

Dr. Robert Zipf, an expert in forensic pathology, performed an autopsy on the victim and testified that he died as a result of injuries to the brain from a gunshot wound to the back of the head. Dr. Zipf testified that due to the existence of gunpowder residue on the back of Williams' head, it was his opinion that the gun had been fired within an inch or less of Williams' scalp.

Roberta Williams, a resident of Arlington Street who knew both Nathaniel Williams and defendant, testified that she witnessed defendant and Nathaniel Williams arguing on three separate occasions on the day of the shooting. During the third argument, which occurred at approximately 5:45 p.m. near a store on Arlington Street, she was standing near Nathaniel Williams when she saw him throw his coat, beeper and Walkman to the ground. Williams testified that defendant was across the street from Nathaniel Williams at the time. She further testified that just prior to being shot, Nathaniel Williams was walking behind her putting on Chapstick.

Milton Brinkley, first cousin to defendant, testified that he saw defendant on the day of the shooting with a sawed-off .22 caliber rifle. Brinkley further testified that defendant told him at approximately 5:30 p.m. that day that he was going to shoot Nathaniel Williams in the head, and that defendant shot the rifle two times into the yard, played basketball for a few minutes, and left.

Telly Kelly, who also lived in Rocky Mount, an acquaintance of both Nathaniel Williams and defendant, testified that defendant came to his house on the day of the shooting and borrowed his loaded, sawed-off .22 caliber rifle. Later that day he saw defendant shoot Nathaniel Williams, when his back was to defendant, in the back of the head at point-blank range.

Defendant presented no evidence.

Defendant contends the trial court erred in failing to instruct the jury on second-degree murder and only charging on possible verdicts of guilty of first-degree murder or not guilty. The test

for determining whether an instruction on second-degree murder is required is as follows:

> The determinative factor is what the State's evidence tends to prove. If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*State v. Strickland*, 307 N.C. 274, 293, 298 S.E.2d 645, 658 (1983), *overruled in part on other grounds by State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986). An instruction on the lesser included offense is not required if the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any of these elements. *State v. Leroux*, 326 N.C. 368, 378, 390 S.E.2d 314, 322, *cert. denied*, 498 U.S. 871, 112 L. Ed. 2d 155 (1990).

First-degree murder is the unlawful killing — with malice, premeditation and deliberation — of another human being. N.C.G.S. § 14-17 (1993); *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991). Premeditation means that defendant formed the specific intent to kill the victim for some length of time, however short, before the actual killing. *State v. Myers*, 299 N.C. 671, 677, 263 S.E.2d 768, 772 (1980). Deliberation means that defendant carried out the intent to kill in a cool state of blood, "not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation." *State v. Hamlet*, 312 N.C. 162, 170, 321 S.E.2d 837, 842-43 (1984). Circumstances and actions which can be used to prove premeditation and deliberation are:

> (1) want of provocation on the part of the deceased; (2) the conduct and statements of defendant before and after the killing; (3) threats and declarations of defendant before and during the course of the occurrence giving rise to the death of the deceased; (4) ill-will or previous difficulty between the parties; and (5) evidence that the killing was done in a brutal manner.

*State v. Lane*, 328 N.C. 598, 609, 403 S.E.2d 267, 274 (1991).

Defendant contends that there is evidence of provocation by the deceased and consequently the State's evidence is conflicting

as to the elements of premeditation and deliberation. He points to the evidence that Nathaniel Williams threw his coat, beeper and Walkman to the ground before defendant shot him. However, the State's evidence also showed that defendant was across the street when these actions occurred. The victim was walking, with his back to defendant, putting on Chapstick, when defendant shot him in the back of the head at point-blank range. The evidence, viewed as a whole, is insufficient to negate the elements of premeditation and deliberation.

Further, while deliberation means that the intent to kill was carried out in a cool state of blood, it does not connote an absence of passion or emotion. This Court has stated that " '[i]f the design to kill was formed with deliberation and premeditation, it is immaterial that defendant was in a passion or excited when the design was carried into effect.' " *State v. Misenheimer*, 304 N.C. 108, 113-14, 282 S.E.2d 791, 795 (1981) (quoting *State v. Faust*, 254 N.C. 101, 108, 118 S.E.2d 769, 773, *cert. denied*, 368 U.S. 851, 7 L. Ed. 2d 49 (1961) ). The evidence in this case supports each and every element of first-degree murder, including premeditation and deliberation. On the day of the shooting defendant borrowed a loaded, sawed-off .22 caliber rifle, announced his intention to shoot the victim in the head, and then shot him in the back of the head at close range. Nothing in the evidence suggests anything other than a premeditated and deliberate murder. Thus, the trial court did not err in failing to instruct the jury on second-degree murder and only charging on possible verdicts of guilty of murder in the first degree or not guilty.

NO ERROR.